. JOHN LANG *v.* MARY O. PHILLIPS, &c.

**Decree Rendered—Pleading.**

> After a decree rendered confirming a sale of lands, the husband, having a life estate by the curtesy entered his appearance and filed an answer approving the sale. Held to cure the defect of title, and the appeal therefrom dismissed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 17, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

This appeal is from a peremptory order on the appellant to pay the purchase money for a tract of land purchased by him at a decretal sale. The proceedings are admitted to have been such as to pass the title, at least such as the appellant is willing to accept, to six-sevenths of the property, but the other seventh being embraced by the decree of sale, as belonging to Elias P. Hodges and Margaret Hodges, who were infants and represented by their guardian under the statute, and their father, Jubal Hodges, having a life estate by the curtesy, in said 7th part of the tract, and not having been personally before the court when the decree was rendered, the purchaser objected on the ground that the proceedings were defective as to said seventh part, and now prosecutes the appeal on that ground, although he appeared and filed an answer approving of the sale, and tendered a deed of confirmation thereof.

It seems to this court that the apprehended defect in the title was cured by the ratification and conveyance of Jubal Hodges, and the court properly ordered the payment of the purchase money.

Wherefore the judgment is *affirmed.*

*Joyes,* for appellant.

*Wood & Vetter,* for appellees.